MÉNDEZ v. LA ADMINISTRACIÓN DE PUERTO RICO.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 7.—Resuelto en enero 15, 1904.

IMPUESTOS—TESORERO DE PUERTO RICO.—Con arreglo a la Ley Orgánica el Teso-
rero de Puerto Rico no puede adicionar o modificar los impuestos establecidos
por la Orden General de noviembre 7, 1899, pues es facultad exclusiva de la
Legislatura de Puerto Rico.

ID.—Las leyes y demás disposiciones en materia de impuestos y rentas no tienen
carácter extraterritorial, estando circunscritos sus efectos a los límites terri-
toriales del Estado que las decreta.

ID.—FABRICANTES.—La palabra fabricantes usada en el párrafo cuarto de la
Orden General No. 176 de 1899, no tiene aplicación a los fabricantes extran-
jeros de líquidos alcohólicos.

ID.—LÍQUIDOS ALCOHÓLICOS.—Aunque los líquidos alcohólicos fabricados en el
extranjero pueden gravarse indirectamente, es necesaria una disposición legal
que terminantemente obligue a los importadores al pago de los impuestos.

EXPOSICIÓN DEL CASO.

En el recurso que en grado de apelación ante nos pende,
entre partes, de la una el Honorable Attorney General de (*)

Puerto Rico, representado y defendido por el Letrado Sr.
Don Emilio del Toro, el Fiscal, y de la otra Don Antonio
Méndez, en su carácter de presidente del Centro de Detallis-
tas, representado y defendido por el Letrado Sr. Don Jacinto
Texidor, contra la sentencia de la Corte de Distrito de San
Juan, de cuatro de mayo de mil novecientos tres, recaído en
recurso contencioso administrativo, y que copiada literal-
mente dice así:

"Sentencia. En la ciudad de San Juan de Puerto Rico a cuatro
de mayo de mil novecientos tres. Visto este recurso contencioso ad-
ministrativo seguido por Don Antonio Méndez, presidente del Centro
de Detallistas, dirigido y representado primeramente por el Licenciado
Don Herminio Díaz Navarro y después por el Letrado Don Jacinto
Texidor, contra la Administración representada por el Acting At-
torney General, sobre resolución del Honorable Tesorero de Puerto
Rico.

"1. *Resultando:* que en la *Gaceta* de 5 de junio de 1900 que en
autos consta, se publicó la circular número 8 del Tesorero, fechada en
4 de dicho mes, expresando: que la contribución de rentas internas
sobre licores alcohólicos impuesta por virtud de la Orden General
número 176, serie de 1899, y del acta del Congreso aprobada en 12 de
abril de 1900, se pagará a no ser que ya se hubiese recaudado, por
todos los licores alcohólicos fabricados en Puerto Rico o importados
en Puerto Rico, mediante la fijación de un sello de rentas internas de
tres centavos por cada litro o fracción de litro, en cada envase que
contenga más de un litro; debiendo llevar puestos los sellos cada
botella de las expuestas al público para la venta al detalle y los para
venta al por mayor deben comprar y guardar los sellos para en cada
venta entregar los sellos correspondientes.

"2. *Resultando:* que a nombre de Don Antonio Méndez, presi-
dente del Centro de Detallistas, acompañando dicha *Gaceta,* interpuso
recurso contencioso-administrativo contra dicha circular y en 23 de
marzo de 1901 demanda contra dicha resolución pidiendo se anule por
ser contraria a la ley y que no ha podido decretarse ni cobrarse el
impuesto a que la misma se refiere, sentando como hechos la circular
mencionada y su contenido; que Méndez acudió en alzada al Gober-
nador contra ella como lo prueban las comunicaciones de 12 y 16
de julio que en autos obran, sin éxito en la reclamación; siendo el

derecho el párrafo 4°. de la Orden General (*) número 176 de 7 de noviembre de 1899; que ni esa orden ni la Ley Foraker se refieren a los licores introducidos en el país con anterioridad a la promulgación de dichas leyes ni a los que se siguieran importando del extranjero; que para aplicarlas era preciso las hubiera acordado el Congreso de los Estados Unidos o las Cámaras Insulares; que las bebidas existentes en el país, al publicarse el Bill Foraker, no estaban ni podían estar sujetas a nuevos tributos porque ni la orden general ni el bill dicen una palabra sobre ello por no tener las leyes efecto retroactivo, porque esas bebidas importadas antes habían pagado toda clase de contribuciones, entre ellas, en los fielatos municipales, los de consumo y el recargo de cincuenta por ciento sobre arancel, según orden publicada en 9 de noviembre de 1899.

"3. *Resultando:* que el Ministerio Fiscal contestó se declarara sin lugar la demanda, sentando los hechos siguientes: el párrafo 4°. de la Orden General número 176 de 7 de noviembre de 1899; que al llevarse a la práctica esa orden general se suscitaron dudas, resolviéndose las consultas, y la Tesorería con facultades dictó la circular número 5 de 24 de mayo de 1900 y la número 8 de 4 de junio del mismo año, citando esta última íntegramente, que contra esta circular número 8 se ha interpuesto el recurso; citando como derecho: la circular, que no se opone al párrafo 4°. de la Orden General número 176 de 1899; que esa circular no aplica nuevas contribuciones, y lo único que exceptúa la orden general antes mencionada, es el licor que se exportó, y por ello la resolución recurrida está dictada en uso de sus legítimas facultades y en pro de los intereses del Tesoro, sin violar derecho alguno.

"4. *Resultando:* que abierto a prueba el pleito, renunció el actor la prueba y no habiendo propuesto ninguna el Ministerio Fiscal, señalado día para la vista, previos los trámites legales, informaron las partes lo que creyeron conveniente a sus derechos. Siendo Ponente el Juez Presidente Don Juan Morera Martínez.

"1. *Considerando:* que dictada por el Senado y el Congreso de los Estados Unidos en 12 de abril de 1900 la ley para proveer temporalmente de rentas y un gobierno civil a la Isla de Puerto Rico, la que empezó a regir el primero de mayo de 1900, disponiendo la sección 8°. de ella, quedaban en vigor las leyes y ordenanzas de Puerto Rico, excepto en lo que fueran enmendadas, alteradas o modificadas por la misma, o alteradas o modificadas por las órdenes militares, hasta que sean alteradas, enmendadas o revocadas por la autoridad

legislativa creada por la repetida ley para Puerto Rico, o por una ley del Congreso de los Estados Unidos.

''2. *Considerando:* (*) que en 4 de junio de 1900 la Tesorería no tenía facultades, dado el razonamiento anterior, para adicionar los impuestos establecidos en la orden general de 7 de noviembre de 1899, por tener sólo derecho a modificarla, ampliarla o adicionarla la autoridad legislativa de la Isla creada por dicha ley de 12 de abril de 1900, como lo hizo en 31 de enero de 1901 la mencionada autoridad legislativa como la 'Ley para proveer de rentas al Pueblo de Puerto Rico y para otros fines.'

''3. *Considerando:* que la circular de 4 de junio referida vulneró un derecho adquirido por los reclamantes tenedores de bedidas alcohólicas importadas, imponiéndoles una contribución a que no estaban afectas en la época de la introducción, pues la frase 'fabricantes' usada en el párrafo 4°. de la Orden General número 176 de 1899 no puede incluir a los fabricantes extranjeros a los efectos de exigirles el pago de un impuesto por líquidos alcohólicos fabricados fuera de Puerto Rico, pues las leyes ý demás disposiciones en materia de impuestos y rentas no tienen carácter de extraterritoriales, estando circunscritos sus efectos a los límites territoriales del Estado que las decreta, y si bien indirectamente puede gravar la fabricación extranjera, el medio adecuado de realizarlo es obligando a los importadores al pago de los impuestos mediante prescripción legal terminante, que no existe en la orden general citada de 7 de noviembre de 1899.

''*Fallamos:* que debemos declarar y declaramos con lugar la demanda contencioso-administrativa y en su virtud debemos anular y anulamos la circular número 8, publicada en la *Gaceta Oficial* número 129 de cinco de junio de 1900, en lo que se refiere a los licores importados en esta Isla, que dicha circular menciona, sin especial condena de costas. Así por esta nuestra sentencia, definitivamente juzgando, lo pronunciamos, mandamos y firmamos.''

*Resultando:* que notificada esta sentencia a las partes, la representación del Honorable Attorney General, interpuso contra la misma recurso de apelación, que fué admitido para ante este Tribunal Supremo, con citación y emplazamiento de las partes, lo que tuvo lugar en los días 12 y 13 de mayo de 1903, a la parte recurrente y al Sr. Méndez respectivamente.

*Resultando:* que elevadas a este tribunal las actuaciones.

de primera instancia, compareció el Fiscal a sostener el recurso (*) a nombre del Honorable Attorney General de Puerto Rico, así como también el Sr. Jacinto Texidor, a sostener los derechos del Sr. Antonio Méndez en su carácter de presidente del Centro de Detallistas, a quienes se tuvo por comparecidos y se mandó redactar la correspondiente nota que se puso de manifiesto a las partes, y se señaló día para la vista que tuvo lugar el 3 de diciembre de 1903, con informe oral del Fiscal y de la parte apelada.

Abogado del apelante: *Sr. del Toro, Fiscal.*

Abogado del apelado: *Sr. Texidor.*

EL JUEZ ASOCIADO SR. MACLEARY, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Aceptando* los fundamentos de hecho y de derecho de la sentencia apelada, y, además,

*Considerando:* que el Tribunal de Distrito de San Juan no ha incurrido en error alguno en la decisión de esta causa, según se consigna en la sentencia anteriormente inserta en la presente.

*Fallamos:* que debemos confirmar y confirmamos la sentencia dictada en el Tribunal de Distrito de San Juan de 4 de mayo de 1903, sin especial condena de las costas.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández, Figueras y Sulzbacher.